## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NUTRIEN AG SOLUTIONS, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.** |
| | ) | |
| **TROY FILLINGIM, individually;** | ) | |
| **KAELYN FILLINGIM, individually;** | ) | |
| **FILLINGIM FARMS, INC.,** | ) | |
| **a corporation; and** | ) | |
| **FLINT FARMS, LLC, a corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT
_____

Nutrien Ag Solutions, Inc., a Delaware corporation ("Nutrien" or "Plaintiff"), by and through its undersigned attorney, brings this action against Defendants Troy Fillingim, an individual; Kaelyn Fillingim, an individual; Fillingim Farms, Inc., a corporation; and Flint Farms, LLC, a limited liability company, (collectively referred to as "the Defendants" or "Defendants"), as follows:

1

## PARTIES

1.      Nutrien is a citizen of Delaware as it is a Delaware corporation and a citizen of Colorado as its principal place of business is in Loveland, Colorado, and it is registered to do business in the State of Alabama.  Nutrien is the owner of the credit agreement, promissory notes, and security agreements at issue in this litigation.

2.      Defendant Troy Fillingim, is, upon information and belief, over the age of 19 years, and a citizen of Alabama because he is domiciled in Coffee County, Alabama, and may be served at 311 County Road 209, Jack, Alabama 36346.

3.      Defendant Kaelyn Fillingim, is, upon information and belief, over the age of 19 years, and a citizen of Alabama because she is domiciled in Coffee County, Alabama, and may be served at 482 Claxton Avenue, Elba, Alabama 36323.

4.      Defendant Fillingim Farms, Inc., is a citizen of Alabama as it is an Alabama corporation with its principal place of business in Jack, Alabama. Defendant Fillingim Farms, Inc. may be served at c/o Troy Fillingim, President, 13112 Highway 125, Jack, Alabama 36346.

5.      Defendant Flint Farms, LLC, is an Alabama Limited Liability Company. The citizenship of a limited liability company is adjudged by the

citizenship of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990). Based upon reasonable investigation, Flint Farms, LLC's sole member is Kaelyn Fillingim, who is a citizen of Alabama. As such, Defendant Flint Farms, LLC is a citizen of Alabama and may be served at c/o Kaelyn Fillingim, Registered Agent, 3135 County Road 127, Ariton, Alabama 36311.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Nutrien and all Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as set forth below.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim occurred in the Middle District of Alabama and the Defendants all reside and do business in the Middle District of Alabama.

## STATEMENT OF FACTS

## TROY FILLINGIM PROMISSORY NOTE & SECURITY AGREEMENT EXECUTED BY TROY & KAELYN FILLINGIM

8.     Nutrien adopts and incorporates by reference Paragraphs 1 through 7 as if fully set forth herein.

9.    On March 17, 2022, Fillingim Farms, Inc. ("Fillingim Farms") entered into a Credit Agreement (the "Agreement") for Nutrien to provide and deliver goods and services for its farming operation on open account.  The Agreement was personally and unconditionally guaranteed by Troy Fillingim.  A true and correct copy of the Credit Agreement is attached hereto as <u>Exhibit A</u>[1].

10.    In 2023, Fillingim Farms became delinquent in payment of the goods and services. Subsequently, in forbearance of pursuing immediate collection against Fillingim Farms and Troy Fillingim, Nutrien and Troy Fillingim entered into a secured promissory note on September 27, 2023 (the "Troy Note"), allowing Troy Fillingim to pay the full balance by April 1, 2024.  A true and correct copy of the Troy Note is attached hereto as <u>Exhibit B</u>.  Pursuant to the Note, Troy Fillingim promised to pay Nutrien the sum of $1,668,478.19 in accordance with the payment schedule set forth therein. Pursuant to the payment schedule, Troy Fillingim was obligated to make two payments to Nutrien beginning with a $660,997.19 payment due on December 1, 2023, and a $1,007,481.00 payment due on April 1, 2024.

11.    As collateral for the Troy Note, Nutrien, Troy Fillingim, and Kaelyn Fillingim entered into a security agreement on September 29, 2023, (the "Troy and Kaelyn Security Agreement"), granting Nutrien a continuing security interest in Troy Fillingim and Kaelyn Fillingim's crops and farm products, equipment,

_____

[1]Pursuant to Fed. R. Civ. P. 5.2, Nutrien has redacted some personal identifier information that appears on the Contract.

inventory, and government payments/programs. A true and correct copy of the Troy and Kaelyn Security Agreement is attached hereto as <u>Exhibit C</u>.

## DECEMBER 2023 PROMISSORY NOTES AND SECURITY AGREEMENTS

12.     After the execution of the Troy Note, Nutrien, in consideration of its forbearance, elected to obtain promissory notes from both Fillingim Farms and Flint Farms, LLC ("Flint Farms"). To further secure the debt and in forbearance of pursuing immediate collection, Nutrien entered into a secured promissory note with Fillingim Farms on December 7, 2023 (the "Fillingim Farms Note"), allowing the full balance to be paid by April 1, 2024. Troy Fillingim signed the December Note on behalf of Fillingim Farms. A true and correct copy of the Fillingim Farms Note is attached hereto as <u>Exhibit D</u>.

13.     As collateral for the Fillingim Farms Note, Nutrien and Fillingim Farms entered into a security agreement on December 7, 2023, (the "Fillingim Farms Security Agreement"), granting Nutrien a continuing security interest in Fillingim Farms' crops and farm products, equipment, inventory, and government payments/programs. Troy Fillingim signed the Fillingim Farms Security Agreement on behalf of Fillingim Farms. A true and correct copy of the Fillingim Farms Security Agreement is attached hereto as <u>Exhibit E</u>.

14.     Additionally, Nutrien entered into a secured promissory note with Flint Farms on December 7, 2023 (the "Flint Farms Note"), allowing the full balance to be paid by April 1, 2024. Kaelyn Fillingim signed the Flint Farms Note on behalf of Flint Farms.  A true and correct copy of the Flint Farms Note is attached hereto as Exhibit F.

15.     As collateral for the Flint Farms Note, Nutrien and Flint Farms entered into a security agreement on December 7, 2023, (the "Flint Farms Security Agreement"), granting Nutrien a continuing security interest in Defendant Flint Farms' crops and farm products, equipment, inventory, and government payments/programs.  Kaelyn Fillingim signed the Flint Farms Security Agreement on behalf of Defendant Flint Farms.  A true and correct copy of the Flint Farms Security Agreement is attached hereto as Exhibit G.

## CROPS AND EQUIPMENT

16.     According to the Troy and Kaelyn Security Agreement, the Fillingim Farms Security Agreement, and the Flint Farms Security Agreement (collectively, the "Security Agreements"), Nutrien has a continuing security interest in the Defendants' "crops growing or to be grown including, but not limited to, [their] cotton crop in Coffee County, Alabama; all [their] farm products, grains, feed, seed, fertilizers, agricultural chemicals and other supplies used in [their] business

or farming operations; [and] all crop insurance proceeds from said crops. . ." Ex. C at ¶ 1; Ex. E at ¶1; Ex. G at ¶ 1.

17.    Specifically, Nutrien has a first priority security interest in the Defendants' corn, cotton, and peanuts growing or to be grown in both Coffee County, Alabama and Pike County, Alabama as evidenced by the Farm Products Filing – UCC1-F and the Farm Products Addendum – UCC2-F (the "Farm Products Filings") filed on October 4, 2023 and December 7, 2023, perfecting its security interest. A true and correct copy of the Farm Products Filings are attached hereto as Exhibit H.

18.    As for equipment, pursuant to the aforementioned Security Agreements, Nutrien has a security interest in the following equipment pledged to secure the Troy and Kaelyn Note, Fillingim Farms Note, and Flint Farms Note (collectively, the "Notes"):

a.  Amadas 9665-4 Peanut Combine – Serial No. A34411;

b.  Amadas 9900 Peanut Picker – Serial No. 400142;

c.  Amadas 9900 Peanut Picker – Serial No. 380198;

d.  Amadas 9965-4 Peanut Picker – Serial No. A34751;

e.  Amadas H09665T Peanut Picker – Serial No. 035462;

f.  John Deere 8400 Tractor – Serial No. RW8400P007109;

g.  John Deere 7520 – Serial No. RW7520R014731; and

      h.  John Deere 7320 – Hours: 4242

as evidenced by the UCC Financing Statements filed on October 4, 2023, and December 7, 2023, perfecting its security interest. A true and correct copy of the UCC Financing Statements are attached hereto as <u>Exhibit I.</u>

19.    The Notes are past maturity without full payment.

20.    Troy Fillingim, Fillingim Farms and Flint Farms have failed to pay the balances owed under the Notes by the maturity date and have failed to pay said sums as of this date.

21.    In the event of default, Defendants agreed to pay Nutrien's reasonable attorney's fees, plus all costs and expenses of collection.  As such, attorney's fees, expenses, and costs are hereby claimed and demanded.

22.    The total balance under the Notes is $1,759,333.64, as of March 31, 2025, plus interest that will accrue until a judgment in favor of Nutrien is rendered.

**<u>COUNT I</u>**

**BREACH OF PROMISSORY NOTE AGAINST
DEFENDANT TROY FILLINGIM**

23.    Nutrien adopts and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

24.    Nutrien and Troy Fillingim entered into the Troy Note obligating Troy Fillingim to pay Nutrien the total amount of $1,668,478.19, in accordance with a

defined payment schedule with a maturity date of April 1, 2024. Troy Fillingim breached the terms of the Note as the maturity date has lapsed without Nutrien receiving full payment.

25.    As of March 31, 2025, the total amount owed under the Troy Note is $1,759,333.64, plus interest that will accrue until a judgment in favor of Nutrien is rendered, and payment of all costs of collection incurred by Nutrien, including reasonable attorney's fees and expenses related to this action.

WHEREFORE, Nutrien demands judgment against Defendant Troy Fillingim in the amount of $1,759.333.64, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT II

### BREACH OF PROMISSORY NOTE AGAINST DEFENDANT FILLINGIM FARMS

26.    Nutrien adopts and incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

27.    Nutrien and Fillingim Farms entered into the Fillingim Farms Note obligating Fillingim Farms to pay Nutrien the total amount of $1,668,478.19[2], in accordance with a defined payment schedule with a maturity date of April 1, 2024.

---

[2] The same amount reflected in the Troy Note but not including additional products purchased after execution of the Troy Note.

Fillingim Farms breached the terms of the Fillingim Farms Note as the maturity date has lapsed without Nutrien receiving full payment.

28.    As of March 31, 2025, the total amount owed under the Fillingim Farms Note is $1,759,333.64, plus interest that will accrue until a judgment in favor of Nutrien is rendered, and payment of all costs of collection incurred by Nutrien, including reasonable attorney's fees and expenses related to this action.

WHEREFORE, Nutrien demands judgment against Defendant Fillingim Farms in the amount of $1,759,333.64, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT III

### BREACH OF PROMISSORY NOTE AGAINST DEFENDANT FLINT FARMS

29.    Nutrien adopts and incorporates by reference paragraphs 1 through 28 above as if fully set forth herein.

30.    Nutrien and Flint Farms entered into the Flint Farms Note obligating Flint Farms to pay Nutrien the total amount of $1,668,478.19[3], in accordance with a defined payment schedule with a maturity date of April 1, 2024.  Flint Farms

---

[3] The same amount reflected in the Troy Note and not including additional products purchased after execution of the Troy Note.

breached the terms of the Flint Farms Note as the maturity date has lapsed without Nutrien receiving full payment.

31.    As of March 31, 2025, the total amount owed under the Fillingim Farms Note is $1,759,333.64, plus interest that will accrue until a judgment in favor of Nutrien is rendered, and payment of all costs of collection incurred by Nutrien, including reasonable attorney's fees and expenses related to this action.

WHEREFORE, Nutrien demands judgment against Defendant Flint Farms in the amount of $1,759,333.64, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## <u>COUNT IV</u>
### OPEN ACCOUNT FOR 2024 CROP YEAR AGAINST DEFENDANTS FILLINGIM FARMS AND TROY FILLINGIM

32.    Nutrien adopts and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

33.    Prior to executing the Troy Note, Fillingim Farms established an account with Nutrien whereby Nutrien would provide products to Fillingim Farms for its farming operations and promised to pay all amounts supplied on open account.    The account was unconditionally guaranteed personally by Troy Fillingim.

34.    In the Fall of 2023 and during 2024, following execution of the Troy Note, Fillingim Farms ordered various additional products, not included in the Note indebtedness, from Nutrien on open account at various times and Nutrien sold and delivered the products to Fillingim Farms at its request (the "2024 Crop Year Debt").

35.    Fillingim Farms and Troy Fillingim have failed and/or refused to pay in full the amounts owed on the account in accordance with the terms and conditions of the Agreement.   As of March 31, 2025, the amount owed is $194,056.08.

WHEREFORE, Nutrien demands judgment against Defendants Fillingim Farms and Troy Fillingim in the amount of $194,056.08, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT V
### ACCOUNT STATED AGAINST DEFENDANTS
### TROY FILLINGIM AND FILLINGIM FARMS

36.    Nutrien adopts and incorporates by reference paragraphs 1 through 35 above as if fully set forth herein.

37.    Fillingim Farms and Troy Fillingim are indebted to Nutrien in the total amount of $194,056.08, plus pre-judgment interest that shall accrue until

judgment in favor of Nutrien is rendered, and attorney's fees and costs on an account stated between Troy Fillingim and Nutrien.

WHEREFORE, Nutrien demands judgment against Defendants Fillingim Farms and Troy Fillingim in the amount of $194,056.08, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT VI

## GOODS SOLD AND DELIVERED AGAINST DEFENDANTS FILLINGIM FARMS AND TROY FILLINGIM

38.     Nutrien adopts and incorporates by reference paragraphs 1 through 37 above as if fully set forth herein.

39.     Fillingim Farms ordered goods for its farming operations from Nutrien.

40.     Nutrien sold and delivered those goods to Fillingim Farms.

41.     Fillingim Farms has failed and/or refused to pay for those goods and Nutrien has been damaged as a result.  Its owner, Troy Fillingim had personally and unconditionally guaranteed payment of the account.

WHEREFORE, Nutrien demands judgment against Defendants Fillingim Farms and Troy Fillingim in the amount of $194,056.08, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT VII

### UNJUST ENRICHMENT AGAINST DEFENDANTS FILLINGIM FARMS AND TROY FILLINGIM

42.    Nutrien adopts and incorporates paragraphs 1 through 41 above as if fully set forth herein.

43.    The goods sold and delivered by Nutrien was used by and for the benefit of Fillingim Farms and Troy Fillingim at their request.

44.    Fillingim Farms and Troy Fillingim voluntarily accepted and retained the benefit of the goods without remitting full payment to Nutrien.

45.    As such, Fillingim Farms and Troy Fillingim have been unjustly enriched at the expense of Nutrien.

WHEREFORE, Nutrien demands judgment against Defendants Fillingim Farms and Troy Fillingim in the amount of $194,056.08, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT VIII

### REPLEVIN AND ORDER OF ENTRY AND POSSESSION AS TO ALL DEFENDANTS

46.    Nutrien adopts and incorporates by reference paragraphs 1 through 45 above as if fully set forth herein.

14

47.    Ala. Code § 7-9A-609 provides that after default, a secured party may take possession of the collateral and proceed pursuant to the judicial process.

48.    Additionally, if it is agreed upon, "in any event after a default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties." *Id.* at 609(c).

49.    Under the terms of the Security Agreements, the Parties agreed that, in the event of default, Nutrien may "peacefully remove any and all of the Collateral from [Defendants'] premises, custody, or control, and dispose of the same as allowed under the Uniform Commercial Code. . ." (Ex. C, ¶ 9; Ex. E, ¶ 9; Ex. G, ¶ 9).

50.    Because of Defendants Troy Fillingim, Fillingim Farms, and Flint Farms' default under the Notes, Nutrien is entitled to exercise its rights and remedies as a secured creditor and repossession of the equipment pursuant to Alabama's Uniform Commercial Code. Additionally, Nutrien may also require Defendants to make the equipment available at a reasonably convenient place designated by Nutrien.  To the extent Defendants fail to do so, Nutrien is entitled pursuant to Ala. Code § 6-6-250 et. seq. and Alabama Rule of Civil Procedure 64, made applicable to this proceeding pursuant to Federal Rule of Civil Procedure 64,

to seek a replevin order requiring Defendants to make the collateral available and directing the equipment be immediately seized.

WHEREFORE, Nutrien respectfully requests this Court to enter an order allowing Nutrien to enter onto the Defendants' premises to repossess and seize the collateral and for Defendants to make the equipment available at a reasonably convenient place to be designated by Nutrien.

## COUNT IX

### ACCOUNTING
### AS TO ALL DEFENDANTS

51.    Nutrien adopts and incorporates by reference paragraphs 1 through 50 above as if fully set forth herein.

52.    Nutrien holds a valid and perfected security interest in the crops and is entitled to the crop proceeds under the terms of the Notes, the Security Agreements, and applicable law, including Ala. Code § 7-9A-315.

53.    Defendants have a legal duty to provide Nutrien with a full and accurate accounting of all crop proceeds derived from the sale, transfer, or other disposition of the crops.

54.    Defendants' refusal to provide an accounting has left Nutrien without adequate information to ascertain the value of the crop proceeds or to enforce its rights under the Security Agreements.

55.    An accounting is necessary to determine the amount of crop proceeds received by Defendants and to ensure that Nutrien receives its rightful share of such proceeds as a secured creditor.

56.    Nutrien has no adequate remedy at law to ascertain the information to which it is entitled absent an order from this Court compelling Defendants to provide an accounting.

WHEREFORE, Nutrien respectfully requests that this Court:

a.  Enter an order requiring Defendants to provide a full and complete accounting of all crop proceeds derived from the sale, transfer, or disposition of the crops subject to Nutrien's security interest from the 2024 Crop Year to Present;

b.  Award Nutrien its costs incurred in bringing this action, including reasonable attorney's fees, as permitted under the Agreement and applicable law; and

c.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of April 2025.

s/ Patrick L. W. Sefton
Patrick L. W. Sefton
Jack W. Pitts
Attorneys for Nutrien Ag Solutions, Inc.

OF COUNSEL:
CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Email:  pat.sefton@chlaw.com
        jack.pitts@chlaw.com

**CLERK**

Nutrien will serve Defendants by private process server at the following addresses:

Troy Fillingim
311 County Road 209
Jack, AL 36346

Kaelyn Fillingim
482 Claxton Avenue
Elba, Alabama 36323.

Fillingim Farms, Inc.
c/o Troy Fillingim
13112 Highway 125
Jack, AL 36346

Flint Farms, LLC
c/o Kaelyn Fillingim
3135 County Road 127
Ariton, AL 36311

/s/Patrick L.W. Sefton