IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NUTRIEN AG SOLUTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:25-cv-00302-RAH-SMD |
| | ) |
| TROY FILLINGIM, individually; | ) |
| KAELYN FILLINGIM, individually; | ) |
| FILLINGIM FARMS, INC., | ) |
| a corporation; and | ) |
| FLINT FARMS, LLC, | ) |
| a limited liability company, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO ALTER,
AMEND, OR VACATE AND TO RECONSIDER**

Nutrien Ag Solutions, Inc. ("Nutrien"), by and through its undersigned counsel, submits this response in opposition to Defendants' Troy Fillingim, Kaelyn Fillingim, Fillingim Farms, Inc., and Flint Farms, LLC's (collectively, "Defendants") Motion to Alter, Amend, or Vacate and to Reconsider (the "Motion to Alter"), (Doc. 48), and states as follows:

**RELEVANT PROCEDURAL HISTORY**

1. On September 19, 2025, the Court ordered Defendants to show cause regarding their failure to comply with the Court's August 29, 2025 Order. (*See* Doc. 25).

1

2. On November 17, 2025, because Defendants failed to file by the Court's deadline, the Court struck Defendants' amended answer and counterclaim as untimely and instructed Defendants to file a motion requesting leave to file out of time. (*See* Doc. 34).

3. On December 16, 2025, this Court held a telephone status conference and expressly advised Defendants that the Court's Orders are "expected to be followed" and that any "further deadlines would not be tolerated." (*See* Doc. 45). The Court also indicated briefing deadlines would be extended in light of the upcoming holiday season.

4. On December 17, 2025, in compliance with this Court's November 20, 2025 Order, (Doc. 39), Nutrien timely filed its Motion to Dismiss Defendants' Amended Counterclaim and supporting brief (collectively, the "Motion to Dismiss"). (Docs. 42, 43).

5. On December 18, 2025, the Court entered an Order stating that "Defendants **SHALL** file a response to [Nutrien's Motion to Dismiss] on or before January 14, 2026." (Doc. 44) (first emphasis in original, second emphasis added).

6. After Defendants' did not file a response or file anything alerting counsel or the Court of an issue with filing a response, this Court entered an Order dismissing Defendants' Amended Counterclaim and ordering the parties to submit their report of parties' planning meeting by January 30, 2026. (Doc. 45).

7. On January 29, 2026, the parties timely submitted their Report of Parties' Planning Meeting. (Doc. 46).

8. On February 9, 2026, ten days after filing a discovery plan and almost one month past the deadline set by the Court, Defendants filed their Motion to Alter. (Doc. 48).

9. Nutrien now submits this response in opposition to Defendants' Motion to Alter.

## **ARGUMENT**

A defendant may move to dismiss an action or any claims against it "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Although this rule contemplates a motion by a defendant, a district court may dismiss a complaint under this rule or its inherent power to manage its docket. *Fequiere v. Ala. State Univ.*, 558 Fed. Appx. 881, 882 (11th Cir. 2014) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)). The Eleventh Circuit recognizes that dismissal authority is "an inherent aspect of [a court's] authority to enforce its orders and insure prompt disposition of lawsuits." *Lanza v. Florida*, No. 20-13655, 2021 WL 3745204, at *2 (11th Cir. Aug. 25, 2021) (quoting *Goforth v. Owens*, 776 F.2d 1533, 1535 (11th Cir. 1985)) (citation modified). Although dismissal is an extraordinary remedy, "dismissal upon disregard of an order, especially where the

3

litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Dismissal is justified where a court provides a litigant with clear instructions on what to do and what is expected and the litigant nonetheless fails to comply with the court's orders. *See Duong Thanh Ho v. Costello*, 757 Fed. Appx. 912, 914-15 (11th Cir. 2018). Here, Defendants have failed to comply with this Court's deadlines on at least three separate occasions. Their repeated noncompliance reflects the type of delay and disregard that warrants dismissal. *See Vanburen v. Healthcare Auth. for Baptist Health*, No. 2:18-CV-601-MHT-SMD, 2019 WL 2179566, at *2 (M.D. Ala. Mar. 25, 2019), *report and recommendation adopted sub nom, VanBuren v. Healthcare Auth. for Baptist Health*, No. 2:18CV601-MHT, 2019 WL 2176176 (M.D. Ala. May 20, 2019)) (dismissing action and noting that "plaintiff's unresponsiveness to the Court's orders demonstrate[d] . . . a clear pattern of delay and/or contempt").

Defense counsel attributes her failure to meet the January 14, 2026 deadline to an unexpected hospitalization between January 11, 2026 and January 18, 2026. Nobody from defense counsel's office alerted either counsel for Nutrien or the Court and no explanation is offered in the Motion to Alter as to why such notice could not have been provided. If such notice had been provided, the undersigned counsel would have consented to a request for a reasonable extension of the

4

deadline. However, records from Alabama's State Judicial Information System reflect that defense counsel submitted filings in other matters during the same time period, including one filing on the same day Defendants' response was due in the instant action. *See, e.g., State of Ala. v. Laura Murray*, 19-DC-2025-000033.00 (Docs. 18, 20 filed January 15, 2026); *Matthew Julian Bernardi v. Victoria Isabelle Drake*, 19-DR-2026-900001.00 (Doc. 8 filed January 14, 2026). While these filings may very well have been made by others in defense counsel's office, it makes the lack of prior notice to this Court by anyone in defense counsel's office even more puzzling.

      Defendants' assertion that their failure to respond to Nutrien's Motion to Dismiss "does not indicate a lack of opposition," (Doc. 48 ¶ 5), has no merit. *See Flaig v. City of Hanceville, Ala.*, No. 5:06-102-VEH, 2006 WL 8436785, at *2 (N.D. Ala. Nov. 14, 2006) ("Where a party utterly fails to respond to a motion, that party should thereafter be wary of filing a motion for reconsideration of a court's order regarding the motion."). Defendants were expressly warned yet failed to comply again.

## **CONCLUSION**

WHEREFORE, Nutrien requests that Defendants' Motion to Alter be denied.

Respectfully submitted this 23rd day of February, 2026.

s/ Patrick L.W. Sefton
Patrick L. W. Sefton (ASB-8341-N47P)
Kazia J. Hale (ASB-1232-M00F)
Attorneys for Nutrien Ag Solutions, Inc.

OF COUNSEL:
CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Email:  pat.sefton@chlaw.com
        kazia.hale@chlaw.com

6

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been e-filed using the CM/ECF system, which will send notification of such filing to the following counsel of record, on this 23rd day of February, 2026:

Alyse Phillips Fowler
Alse Fowler Law, LLC
P.O. Box 130
Elba, AL 36323
alyse@alysefowlerlaw.com
**Counsel for Defendants**

                                              /s/ Patrick L.W. Sefton
                                              *Of Counsel*