# EXHIBIT "A"

## *Matthew Julian Bernardi v. Victoria Isabelle Drake*
## **(Doc. 8)**



ELECTRONICALLY FILED
1/14/2026 9:48 AM
19-DR-2026-900001.00
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
AMY L. REEVES, CLERK

## IN THE CIRCUIT COURT OF  COUNTY, ALABAMA
## ELBA DIVISION

| | |
|---|---|
| **MATTHEW JULIAN BERNARDI,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CASE NO. DR-2026-900001** |
| | ) |
| **VICTORIA ISABELLE DRAKE,** | ) |
| **Defendant.** | ) |

## COUNTERCLAIM

**COMES NOW** the Defendant, VICTORIA DRAKE (hereinafter "Wife"), by and through her undersigned attorney of record, and files this Counterclaim for Divorce:

1. That the parties hereto are over the age of nineteen and are bona fide residents of the State of Alabama, having resided in said state for more than six months next preceding the filing of this Complaint for Divorce.

2. That thee parties were married on November 25, 2022, in Crestview, Okaloosa County, Florida, and lived together as husband and wife until on or about August 6, 2025, at which time they began living separate and apart.

3. That there exists such a complete incompatibility of temperament between the parties that they can no longer live together as husband and wife, that there has been an irretrievable breakdown of the marriage, and that further attempts at reconciliation are impractical and futile and not in the best interests of the parties or the family.

4. That there was one child born of the marriage, namely I.I.D.B., born July 14, 2023, and Defendant avers that she is the fit and proper person to have sole care,

custody, and control of the parties' minor child, subject to the Plaintiff's right of visitation.

5. Defendant avers that Husband has been physically violent toward the Wife.

6. Defendant avers that the Husband suffers from severe mental illness that required at least one hospitalization, and that the Husband's mental illness has negatively effected the parties' minor child.

7. Defendant avers that the Husband is an alcoholic.

8. Defendant avers that because of the Husband's mental illness and alcoholism, any visitation between the Husband and the minor child should be supervised by a party of the Wife's choosing.

9. Defendant avers that she has always been the primary caretaker of the minor child and that she should remain the primary parent to the child.

10. Defendant avers that Plaintiff is employable and should be ordered to pay a reasonable sum each month for the support and maintenance of the parties' minor child, both *pendente lite* and upon final hearing.

11. That the parties have acquired marital property and marital debt, both of which should be equitably divided between the parties.

12. That the Plaintiff recently sold marital property and the proceeds of that sale must be equitably divided between the parties.

**WHEREFORE**, PREMISES CONSIDERED, Defendant pray for the following relief:

a. A legal divorce on the grounds alleged;

b.  That Defendant be awarded the sole care, custody, and control of the parties' minor child subject to the Plaintiff's supervised visits during the pendency of this action and upon final hearing;

c.  That the Plaintiff should be ordered to pay child support that comports with the Alabama Child Support Guidelines both *pendente lite* and upon final hearing;

d.  That the marital property and debt be equitably divided;

e.  That the Plaintiff be restrained from spending the proceeds of the sale of marital property until this Court has equitably divided such proceeds;

f.  Such further, other or different relief to which Defendant may be entitled.

*/s/ Alyse Fowler*
Alyse Fowler (PHI086)
Attorney for the Defendant

**ALYSE FOWLER LAW, LLC**
P. O. Box 130
Elba, AL 36323
(334) 697-4020
Alyse@AlyseFowlerLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2025, I have electronically served a true and accurate copy of the foregoing upon the Plaintiff via AlaFile instant notice.

/s/ Alyse Fowler
Of Counsel

# EXHIBIT "B"

# *State of Alabama v. Laura Murray*

# (Docs. 18, 20)

DOCUMENT 18

ELECTRONICALLY FILED
1/15/2026 12:28 PM
19-DC-2025-000033.00
DISTRICT COURT OF
COFFEE COUNTY, ALABAMA
AMY L. REEVES, CLERK

# IN THE DISTRICT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 19-DC-2025-33 |
| | ) | |
| LAURA MURRAY, | ) | |
| Defendant. | ) | |

## NOTICE OF APPEARANCE BY COUNSEL

COMES NOW Alyse Fowler, Attorney at Law, and files herein her Notice of Appearance as appointed counsel for the Defendant.

Counsel in making her appearance, requests:

1.      That all notices of continuances, trial settings, docket settings, or otherwise regarding said case be forwarded to her at the address provided herein.

2.      That the name of counsel be entered herein on the appropriate Court records and that she be designated as counsel of record.

Respectfully submitted on January 15, 2026.

/s/ Alyse Fowler
Alyse Fowler (PHI086)
Attorney for the Defendant

**ALYSE FOWLER LAW, LLC**
P. O. Box 130
Elba, AL 36323
(334) 697-4020
Alyse@AlyseFowlerLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and accurate copy of the foregoing Motion on Hon. James Tarbox, District Attorney for Coffee County, Alabama, by mailing a copy thereof, postage prepaid and properly address to him, or if electronically filed with the Clerk of this Court (via AlaFile.com) an instant notice and a "time-stamped" copy of such filing will be instantly "e-served" as a portable

document file (.pdf) attachment to the mail address of record for Hon. Tom Anderson, District Attorney, as registered on this date, January 15, 2026.

/s/ Alyse Fowler
Of Counsel

ELECTRONICALLY FILED
1/15/2026 12:28 PM
19-DC-2025-000033.00
DISTRICT COURT OF
COFFEE COUNTY, ALABAMA
AMY L. REEVES, CLERK

## IN THE DISTRICT COURT OF COFFEE COUNTY, ALABAMA
## ELBA DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 19-DC-2025-33 |
| | ) | |
| LAURA MURRAY, | ) | |
| Defendant. | ) | |

## MOTION FOR DISCOVERY & ALL EXCULPATORY BRADY INFORMATION

**COMES NOW** the Defendant, by and through counsel, and respectfully makes his/her Motion for Discovery and Inspection of Evidence under the authority of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Constitution of Alabama of 1901, Article I, Sections 6,7, 8, and Rule 16 of the Alabama Rules of Criminal Procedure, and to require the prosecution to disclose to defense counsel, and permit defense counsel to inspect, copy, test, and photograph the following:

1. All statements, written or oral, made by this defendant to any person, at any time before or after arrest in this case, including the name and address of the person(s) to whom the statement(s) was (were) made, including but not limited to those relevant to:

   a. the alleged crime;

   b. the investigation of that crime; and

   c. any condition of the defendant, including but not limited to mental or physical state at the time of the alleged crime, at the time of any statements made by the defendant described herein, or at any other time subsequent to the alleged crime.

2. All statements, written or oral, made by any co-defendants or alleged accomplices, at the time of or subsequent to their arrests in this case, which the State intends to offer in evidence at trial, either as direct evidence at trial or for impeachment

or rebuttal, including the name and address of person(s) to whom the statement(s) was (were) made, including but not limited to those relevant to:

    a. the alleged crime;

    b. the investigation of that crime;

    c. the implication by any co-defendant or accomplice of this defendant in the alleged crime; and

    d. any condition of any co-defendant or accomplice, including but not limited to his or her mental or physical condition at the time of the alleged crime, at the time of any statements made by the defendant described herein, or at any other time subsequent to the alleged crime.

3. The names and address of all persons the prosecution proposes to offer as witnesses at the trial or any hearing of this case, and any persons with knowledge of any facts and circumstances surrounding the charge against the defendant.

4. The names and addresses of all persons who have given recorded statements to the prosecution or any law enforcement officer.

5. The names and addresses of all persons who have given oral statements to the prosecution or any law enforcement officer, including those which in any way contradict those made by other persons.

6. Copies of all written and/or oral statements referred to in paragraphs 4 or 5 above, including memoranda, summaries, or recordings of such statements, as well as grand jury testimony.

7. All memoranda, documents, and reports, to, from and between law enforcement officers connected with the subject matter of this case.

8. All memoranda, documents, and reports to, from, and between the investigative staff of the prosecution, excluding those portions, if any, which contain the opinions, theories, or conclusions of the prosecuting attorney or members of his legal staff.

9. All adult impeachable federal and state convictions and any list of summaries reflecting such criminal records of all persons whom the prosecution intends to call as witnesses at trial.

10. All evidence in the prosecutor's possession or available to the prosecution which is favorable to the defendant on the issue of guilt, including but not limited to:

    a. unfavorable evidence with respect to prosecution witnesses;

    b. unfavorable evidence respecting any co-defendants or accomplices;

    c. any and all evidence, letters, memoranda, or other material of any nature disclosing bias and/or prejudice or prejudgment by citizens of this county against the defendant and/or any co-defendant or accomplice, and the identity of the persons making statements indicating such views;

    d. any and all other information respecting any prosecution witness which is favorable to the defendant on the issue of guilt;

    e. statements made by any persons which are exculpatory with respect to the defendant, including all statements made by prospective prosecution witnesses.

11. All evidence in the prosecution's possession or available to the prosecution which is favorable to the defendant on the issue of punishment, including but not limited to evidence disclosing that:

    a. the defendant has no significant history of prior criminal activity;

    b. the defendant was an accomplice and his participation was relatively minor;

    c. the defendant acted under extreme duress or under the substantial domination of another person;

    d. the capacity of the defendant to appreciate the criminality of his conduct or to conform such conduct to the requirements of the law was substantially impaired.

12. All physical or documentary evidence, including diagrams, sketches, books, papers, documents, photographs, and/or tangible objections in the possession of the prosecution, law enforcement personnel, or prosecution witnesses that relate to this case or this defendant in any way.

13. All diagrams, sketches, and photographs which have been made or shown to any witness or prospective witness in this case, as well as the identity of each witness

to whom this material was shown and the identity of the person who exhibited this material to each witness.

14. All records and reports of every kind reflecting the conduct or results of any medical, pathological, toxicological, chemical, bio-chemical, criminalistic, laboratory, forensic, or scientific examinations; handwriting samples and/or comparisons; fingerprints taken and result of comparisons thereto; copies of all photographs, including all photographs used in any photographic line-up; investigations and analysis undertaken in connection with the investigation or preparation of this case.

15. Any and all audio and video tape recordings made by, at the instance, direction, or command of any law enforcement officer, official, or employee of the same and any audio or video recordings which are within the possession or control of the prosecution, or any law enforcement officer, agent or employee of the same, which are in any way related to the matter complained of in the information or indictment returned against the Defendant. If such tapes or other recordings previously existed but no longer exist, provide an explanation as to why such tapes or other recordings no longer exist, the circumstances surrounding their alteration or destruction, and a list of all personnel involved in the making, alteration, and/or destruction of such recording.

16. Any and all records of medical examinations conducted on the victim that the prosecution plans to introduce at the time of trial or otherwise refer to during the prosecution of the defendant as well as any opinion of any medical expert witness the prosecution plans to call or submit a written report generated by the said expert.

17. Any and all reports of the Alabama Department of Forensic Sciences, Alabama Bureau of Investigation, Federal Bureau of Investigation, United States Drug Enforcement Agency, or any other laboratory or office providing analysis of any evidence, documents, and/or substance seized as a result of the investigation in the above-styled case.

18. The full names and addresses of all informers/cooperative individuals, and any other person who gave or who has given information which served as a basis for the affidavits for any search and/or arrest warrant issued in the above-styled cause.

19. The names and addresses of all persons utilized in any lineup identification relating to the defendant in the above-styled cause.

20. All "rap sheets," records, and reports relating to the defendant, any co-defendant, alleged accomplice, and any person expected to be used as a witness on behalf of the state for any purpose in this case, including:

    a. all jail, prison, parole, probation, and pre-sentence investigation records;

    b. all arrest, conviction, and adult criminal offense records;

    c. all records of any law enforcement authority;

    d. all records of any detention or court authority; and

    e. all records the prosecution or any law enforcement official has submitted to any professional personnel for examination or analysis in connection with this case.

21. A statement as to whether the prosecution will rely on prior acts or convictions of a similar nature for proof of knowledge or intent, including a description of each act or conviction to be relied upon, if any.

22. A list of all expert witnesses the prosecution intends to call at trial, along with each expert's qualifications, the subject and a description of his or her contemplated testimony, and his or her report.

23. A statement as to whether the prosecution intends to introduce any prior convictions of the defendant in the sentencing phase of the trial.

24. To disclose to the defendant the substance of any plea bargain agreement, grant of immunity or promise of immunity, from any law enforcement officer, official, or employee, District Attorney or Assistant District Attorney, or any other person acting or purporting to act on behalf of any law enforcement agency, or prosecuting authority, to any accomplice, co-defendant, or any other person expected or

intended to be used in this case by the State as a witness for any purpose whatsoever.

25. To provide the defendant any other information, material, potential evidence, possible testimony or evidence, that may be exculpatory to the defendant, or helpful to the defendant in connection with any phase of this case, under authority of *Brady v. Maryland*, 372 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959); *Giles v. Maryland*, 386 U.S. 66 (1967); *Davis v. Alaska*, 415 U.S. 308 (1974); *United States v. Pitt*, 717 F.2d 1334 (11th Cir. 1983); *Berger v. U.S.*, 295 U.S. 78, 88 (1935); *U.S. v. Burr*, 8 U.S. 460, 490 (1807) as well as the constitutional and statutory provisions cited herein.

Respectfully submitted on January 15, 2026.

*/s/ Alyse Fowler*
Alyse Fowler (PHI086)
Attorney for the Defendant

**ALYSE FOWLER LAW, LLC**
P. O. Box 130
Elba, AL 36323
(334) 697-4020
Alyse@AlyseFowlerLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and accurate copy of the foregoing Motion on Hon. James Tarbox, District Attorney for Coffee County, Alabama, by mailing a copy thereof, postage prepaid and properly address to him, or if electronically filed with the Clerk of this Court (via AlaFile.com) an instant notice and a "time-stamped" copy of such filing will be instantly "e-served" as a portable document file (.pdf) attachment to the mail address of record for Hon. Tom Anderson, District Attorney, as registered on this date, January 15, 2026.

/s/ Alyse Fowler
Of Counsel