IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NUTRIEN AG SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-00302-RAH |
| | ) | |
| TROY FILLINGIM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Pending before the Court is Defendants' *Motion to Alter, Amend, Or Vacate And To Reconsider* (doc. 48) ("*Motion to Vacate*"), filed on February 9, 2026, by Attorney Alyse Fowler, and Ms. Fowler's *Motion to Withdraw* (doc. 57) filed on March 9, 2026.

The *Motion to Vacate* was filed after the Court granted Plaintiff's *Motion to Dismiss* (doc. 42) and dismissed Defendants' Countercomplaint in its entirety on January 15, 2026. (*See* doc. 45.)  The Court's order of dismissal came after Ms. Fowler missed yet another deadline imposed by this Court, which was the January 14, 2026, deadline to file a response to the Plaintiff's *Motion to Dismiss*. (Doc. 44.) This was her third offense in this short-lived case and came after the Court, on December 16, 2025, verbally warned Ms. Fowler not to miss any future deadlines.

After the Court dismissed the Counterclaims on January 15, 2026, Ms. Fowler waited nearly a month to file her *Motion to Vacate* (doc. 48).  In that motion, Ms. Fowler stated that she "was unexpectedly hospitalized with pneumonia from January 11, 2026, until January 18, 2026, following a week-long bout of influenza a." (*Id.*) She also asserted that the "Plaintiff's Motion to Dismiss is and was completely

without merit." (*Id.*)   Ms. Fowler did not confer with counsel for Plaintiff before filing the *Motion to Vacate*, or otherwise state whether the motion was opposed.

Plaintiff filed a response, noting Ms. Fowler's continued noncompliance with the orders of this Court and the Court's warning that no further missed deadlines would be tolerated. (*See* doc. 50.)  Plaintiff further stated that during the period of time Ms. Fowler claimed she was hospitalized, several pleadings in state court were filed under her name. (*Id.*)

The Court then held an in-person hearing on the *Motion to Vacate* on March 9, 2026.  During the hearing, the Court noted its observation that the Counterclaims constituted an improper shotgun complaint, to which Ms. Fowler stated that she was unfamiliar with the term.  At the conclusion of the hearing, the Court instructed both sides to file documentation supporting their respective statements: (1) Defendants: records supporting Ms. Fowler's representation about her 8-day "hospitalization," and (2) Plaintiff: records supporting Plaintiff's representation that  Ms. Fowler made legal filings during that claimed period of hospitalization.  A court order followed. (*See* doc. 54.)

On March 9, 2026, Ms. Fowler filed a document that essentially was a return-to-work form. (*See* doc. 56.)  It did not confirm that she was "hospitalized" for 8 days from January 11, 2026, to January 18, 2026.

On March 12, 2026, Plaintiff filed a submission that showed Ms. Fowler as having filed a countercomplaint on January 14, 2026, a case appearance on January 15, 2026, and a discovery motion in a criminal case on January 15, 2026. (*See* doc. 63-1.)

On March 9, 2026, Ms. Fowler filed a *Motion to Withdraw* (doc. 57), which the Court decided to hold in abeyance for the time being.

On March 10, 2026, the Court set the case for a telephone status conference at 1:00 p.m., March 13, 2026.  (*See* doc. 60.)

On the morning of March 13, 2026, Ms. Fowler sent another record to the Court. (*See* doc. 65.) While a simple discharge note or similar document showing an actual 8-day hospitalization would have satisfied the Court's inquiry, the document provided by Ms. Fowler only stated that she "received treatment" at a hospital from January 11 to 18. (*Id.*) It did not satisfy the Court's inquiry on this simple issue.

At 1:00 p.m., as previously ordered, the Court conducted the telephone status conference. Ms. Fowler was 8 minutes late for the hearing. When she finally called into the line and was asked about being continuously hospitalized from January 11 to January 18, Ms. Fowler paused and gave a nebulous response that was not a simple Yes or No to the question posed. The Court decided to end the inquiry at that point.

Needless-to-say, the Court is not convinced of the veracity of the statement in the *Motion to Vacate* that Ms. Fowler "was unexpectedly hospitalized with pneumonia from January 11, 2026, until January 18, 2026, following a week-long bout of influenza a." The Court, however, elects not to dive into the veracity of the issue any further as the *Motion to Vacate* will be denied.

First, the Court concludes that the *Motion to Vacate* is not well-supported in that Ms. Fowler has failed to sufficiently satisfy the Court that she "was unexpectedly hospitalized with pneumonia from January 11, 2026, until January 18, 2026, following a week-long bout of influenza a." This is especially true in the context of the vague records that she has provided, the nebulous response during the March 13, 2026, hearing, and the observation that Ms. Fowler's office, despite her claiming to have been hospitalized, was filing pleadings in several state court cases under her signature.

Second, Ms. Fowler has not shown why the Plaintiff's *Motion to Dismiss* "was completely without merit." Indeed, Plaintiff was correct in challenging the Countercomplaint on grounds of it being a shotgun complaint and violative of the particularity pleading requirements under the Federal Rules of Civil Procedure,

because it was both.  As such, granting the *Motion to Vacate* would be a futile effort because the *Motion to Dismiss* was due to be granted regardless.

Third, Ms. Fowler failed to comply with the Court's Scheduling and Case Management Order that required her to consult with opposing counsel before filing the motion and to notate on the motion whether it was opposed or not.  (*See* doc. 47 at 6.)

Fourth and finally, the overall failure by Ms. Fowler, as counsel for the Defendants/Counter-Plaintiffs, to follow the orders of the Court (including repeated missed deadlines, the failure to consult, and being late to a hearing), her unsupported assertions in the *Motion to Vacate* and as discussed at the hearing itself, her failure to submit timely initial disclosures,[1] all evidence that the requested relief is inappropriate here.

The Court has the inherent authority to manage its docket and ensure compliance with its orders.  For those reasons, for futility, for good cause, and for Defendants' failure to show their entitlement to the requested relief, it is hereby **ORDERED** that Defendants' *Motion to Alter, Amend, or Vacate and To Reconsider* (Doc. 48) is **DENIED**.[2]  It is further **ORDERED** that the *Motion to Withdraw* (doc. 57) filed by Alyse Fowler is **GRANTED**, and therefore Ms. Fowler is **TERMINATED** from all further proceedings in this matter.

---

[1] In fact, at the hearing, it was discovered that Ms. Fowler was approximately a month past due in submitting her initial disclosures.  Under the Report of the Parties' Planning Meeting, which Ms. Fowler authorized, initial disclosures were due by February 12, 2026.

[2] The Court recognizes that the deadline for the parties to file amended pleadings is April 1, 2026. Given the history of this case, Defendants should not assume that a motion for leave to file counterclaims will be granted, let alone granted without an obligation, for example, to reimburse Plaintiff for its legal fees associated with addressing Ms. Fowler's actions to date in this case.

**DONE** and **ORDERED** on this the 17th day of March 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE